IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
No. 7:18-CR-12-D

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| EDUARDO ROMERO MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

On October 30, 2020, Eduardo Romero Martinez ("Martinez" or "defendant") moved pro se for compassionate release under the First Step Act ("First Step Act"), Pub. L. No. 115-391, § 603(b), 132 Stat. 5194, 5238–41 (2018) (codified as amended at 18 U.S.C. § 3582) and filed exhibits in support [D.E. 66]. On November 11, 2020, Martinez moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines [D.E. 67]. On March 1, 2021, the government responded in opposition to both motions and filed exhibits in support [D.E. 73]. On March 18, 2021, Martinez replied [D.E. 75]. As explained below, the court denies Martinez's motions.

I.

On June 18, 2018, pursuant to a written plea agreement, Martinez pleaded guilty to distribution and possession with intent to distribute a quantity of cocaine [D.E. 1, 27, 28]. On November 8, 2018, the court held a sentencing hearing and adopted the facts set forth in the Presentence Investigation Report ("PSR"). See [D.E. 41, 43, 44]. The court calculated Martinez's total offense level to be 15, his criminal history category to be V, and his advisory guideline range to be 37 to 46 months' imprisonment. See [D.E. 44] 1. After granting the government's motion for

an upward variance and thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Martinez to 60 months' imprisonment. See id. at 2–4; [D.E. 43] 2. Martinez appealed [D.E. 45]. On July 19, 2019, the United States Court of Appeals for the Fourth Circuit affirmed the court's judgment. See United States v. Martinez, 773 F. App'x 712, 713–14 (4th Cir. 2019) (per curiam) (unpublished); [D.E. 51, 52].

On August 29, 2019, Martinez moved for compassionate release under the First Step Act, citing "extraordinary and compelling reasons" [D.E. 54]. On May 4, 2020, the court denied Martinez's motion [D.E. 65].

On December 21, 2018, the First Step Act went into effect. See First Step Act, 132 Stat. at 5249. Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for compassionate release. Under the First Step Act, a sentencing court may modify a sentence of imprisonment either upon a motion of the Director of the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

After a defendant meets the exhaustion requirement, a defendant must (1) demonstrate "extraordinary and compelling reasons" for a sentence reduction, or (2) be at least 70 years old, have served at least 30 years in prison, and have the Director of the BOP determine that the defendant is not a danger to the safety of another person or the community. Id. In deciding to reduce a sentence under section 3582(c)(1)(A), a court must consult the sentencing factors in 18 U.S.C. § 3553(a) and must ensure that a sentence reduction is "consistent with applicable policy statements" of the United States Sentencing Commission (the "Commission"). Id.

The Commission policy statements include U.S.S.G. § 1B1.13. Section 1B1.13 essentially parrots section 3582(c)(1)(A)'s requirements and adds that the defendant not be "a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2). Section 1B1.13's application notes provide examples of extraordinary and compelling reasons, including: (A) serious medical conditions of the defendant, (B) advanced age of the defendant when coupled with a serious deterioration in physical and mental health due to aging and having served at least 10 years or 75% of his or her imprisonment term (whichever is less), (C) family circumstances, or (D) another extraordinary and compelling reason. See U.S.S.G. § 1B1.13 cmt. n.1.[1] Application note 2 states

---

[1] Application note 1 to U.S.S.G. § 1B1.13 states in full:

1. Extraordinary and Compelling Reasons.—Provided the defendant meets the requirements of subdivision (2), extraordinary and compelling reasons exist under any of the circumstances set forth below:

   (A) Medical Condition of the Defendant.—

   (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

   (ii) The defendant is—

   (I) suffering from a serious physical or medical condition,

   (II) suffering from a serious functional or cognitive impairment, or

   (III) experiencing deteriorating physical or mental health because of the aging process,

   that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

3

that "an extraordinary and compelling reason need not have been unforeseen at the time of sentencing to warrant a reduction in the term of imprisonment." U.S.S.G. § 1B1.13 cmt. n.2. Thus, the fact "that an extraordinary and compelling reason reasonably could have been known or anticipated by the sentencing court does not preclude consideration for a reduction under this policy statement." Id. Application note 3 states, "[p]ursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement." U.S.S.G. § 1B1.13 cmt. n.3.

The Commission has lacked a quorum since Congress enacted the First Step Act and has not updated U.S.S.G. § 1B1.13 to account for the First Step Act. Accordingly, section 1B1.13 does not provide a policy where an inmate files a motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A). See, e.g., United States v. High, No. 20-7350, 2021 WL 1823289, at *3 (4th Cir. May 7, 2021); United States v. Kibble, 992 F.3d 326, 330–31 (4th Cir. 2021); United States v.

---

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4

McCoy, 981 F.3d 271, 280–84 (4th Cir. 2020). Rather, "[section] 1B1.13 only applies when a request for compassionate release is made upon motion of the Director of the [BOP]." Kibble, 992 F.3d at 330–31. Nevertheless, section 1B1.13 provides informative policy when assessing an inmate's motion, but a court independently determines whether "extraordinary and compelling reasons" warrant a sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). See High, 2021 WL 1823289, at *3; McCoy, 981 F.3d at 284. In doing so, the court consults not only U.S.S.G. § 1B1.13, but also the text of 18 U.S.C. § 3582(c)(1)(A) and the section 3553(a) factors. See, e.g., McCoy, 981 F.3d at 280–84; United States v. Jones, 980 F.3d 1098, 1101–03 (6th Cir. 2020); United States v. Gunn, 980 F.3d 1178, 1180–81 (7th Cir. 2020); United States v. Ruffin, 978 F.3d 1000, 1007–08 (6th Cir. 2020); United States v. Brooker, 976 F.3d 228, 237–38 (2d Cir. 2020); United States v. Clark, No. 1:09cr336-1, 2020 WL 1874140, at *2 (M.D.N.C. Apr. 15, 2020) (unpublished).

On September 9, 2020, Martinez submitted a compassionate release request, which the warden denied on October 5, 2020. See [D.E. 66-1, 66-2]. The government contends that Martinez has not met section 3582's exhaustion requirement. See [D.E. 73] 1–2; 5–6, 12–13; [D.E. 73-2]. The court assumes without deciding that Martinez has exhausted his administrative remedies. See United States v. Alam, 960 F.3d 831, 833–34 (6th Cir. 2020).[2] Accordingly, the court addresses Martinez's claim on the merits.

Martinez seeks compassionate release pursuant to section 3582(c)(1)(A). In support of his request, Martinez cites the COVID-19 pandemic, the conditions at FCI Bennettsville, his

---

[2] The Fourth Circuit has not addressed whether section 3582's exhaustion requirement is a jurisdictional or claims-processing requirement. The court assumes without deciding that the requirement is a claims-processing rule, and that the government must "properly invoke" the rule for this court to enforce it. See Alam, 960 F.3d at 833–34.

rehabilitation efforts, his release plan, and his family circumstances. See [D.E. 66]; [D.E. 75] 1, 3, 5–6; [D.E. 75-1].

As for the family circumstances policy statement, the policy statement requires "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." U.S.S.G. § 1B1.13 cmt. n.1(C)(i). Although Martinez states that his mother died, he does not allege that she was the caregiver for his minor child. Cf. [D.E. 66] 1; PSR [D.E. 33] ¶ 26 (noting that Martinez's minor child lives with her mother, not Martinez's mother). Accordingly, reducing Martinez's sentence is not consistent with application note 1(C). See 18 U.S.C. § 3582(c)(1)(A).

As for the "other reasons" policy statement, the court assumes without deciding that the COVID-19 pandemic, Martinez's family circumstances, his rehabilitation efforts, and his release plan are extraordinary and compelling reasons under section 3582(c)(1)(A). Cf. United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.").[3] Even so, the section 3553(a) factors counsel against reducing Martinez's sentence. See High, 2021 WL 1823289, at *4–7; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020); Clark, 2020 WL 1874140, at *3–8.

Martinez is 42 years old and engaged in serious criminal conduct in 2017 and 2018. See PSR [D.E. 33] ¶¶ 5–8. Martinez trafficked 220.22 grams of cocaine while on federal supervised release. See id. Martinez is a recidivist drug dealer with state convictions for conspiracy to traffic in

---

[3] In December 2020, Martinez contracted COVID-19 but remained asymptomatic, undermining his arguments regarding the pandemic. See [D.E. 73-1] 35. Moreover, Martinez declined the COVID-19 vaccine in January 2021, further defeating his arguments. See id. at 36; cf. [D.E. 75] 7–8.

marijuana by transport of more than 10 pounds, but less than 50 pounds, possession with intent to sell or deliver cocaine, maintaining a vehicle, dwelling, or place for a controlled substance, and driving while impaired, and a federal conviction for distributing a quantity of cocaine. See PSR ¶¶ 13–16. Martinez has violated the terms of supervision repeatedly, including his federal supervised release. See id. In fact, on November 8, 2018, the court revoked Martinez's supervised release in case number 7:08-CR-39-D for new criminal conduct while on supervised release and sentenced Martinez to 24 months' imprisonment (less ten days) consecutive to his sentence in case number 7:18-CR-12-D. See United States v. Martinez, No. 7:08-CR-39-D (E.D.N.C.), Sentencing Tr. [D.E. 80] 25–29. Nonetheless, Martinez has taken some positive steps while incarcerated on his most recent federal sentence. See [D.E. 75] 5; [D.E. 75-1].

The court has considered Martinez's exposure to and recovery from COVID-19, his vaccine refusal, his rehabilitation efforts, his family circumstances, and his release plan. Cf. Pepper v. United States, 562 U.S. 476, 480–81 (2011); High, 2021 WL 1823289, at *4–7; United States v. McDonald, 986 F.3d 402, 412 (4th Cir. 2021); United States v. Martin, 916 F.3d 389, 398 (4th Cir. 2019). Having considered the entire record, the steps that the BOP has taken to address COVID-19 and to offer to vaccinate Martinez, the section 3553(a) factors, Martinez's arguments, the government's persuasive response, and the need to punish Martinez for his serious criminal behavior, to incapacitate Martinez, to promote respect for the law, to deter others, and to protect society, the court declines to grant Martinez's motion for compassionate release. See, e.g., Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 2021 WL 1823289, at *4–7; Ruffin, 978 F.3d at 1008–09; Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28-BR, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

As for Martinez's motion under Amendment 782, the court denies the motion. The court applied Amendment 782 when it sentenced Martinez in case number 7:18-CR-12-D. Moreover, Amendment 782 does not provide relief to Martinez for the revocation under his 2008 federal sentence in case number 7:08-CR-39-D. Alternatively, even if it did, this court would not exercise its discretion and use Amendment 782 to alter Martinez's revocation sentence in light of Martinez's egregious breach of trust while on supervised release, poor performance on supervision, horrible criminal history, and the need to incapacitate Martinez. See, e.g., 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 138 S. Ct. 1959, 1966–68 (2018); High, 2021 WL 1823289, at *4–7.

## II.

In sum, the court DENIES Martinez's motions for compassionate release and sentence reduction [D.E. 66, 67].

SO ORDERED. This 25 day of May 2021.

JAMES C. DEVER III
United States District Judge